United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant.<br>_____/ | No. C-12-4439 EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(Docket No. 32)** |

## I.    INTRODUCTION

Plaintiffs Ashley Berns (the former administrator of her uncle's estate) and American Contractors Indemnity Co. (Ms. Berns' surety) filed the instant action seeking a refund of the penalties and interest assessed by the Internal Revenue Service in response to Ms. Berns' failure to timely file a federal estate tax return and to timely pay the estate taxes. The United States has moved for summary judgment, arguing that there is no genuine dispute of material fact as to whether Ms. Berns had "reasonable cause" for her failure to timely file the return and pay the taxes. The Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for March 27, 2014. For the following reasons, Defendant's motion is **DENIED**.

///
///
///
///
///

## II. FACTUAL & PROCEDURAL BACKGROUND

Mr. Paul Berns passed away on November 19, 2004. Def. Statement of Undisputed Facts ("Def. Facts") ¶ 1 (Docket No. 33); Complaint ¶ 9 (Docket No. 23).[1] Ashley Berns – the appointed personal representative of the decedent's estate – filed a petition to probate the decedent's estate on January 11, 2005. Def. Facts ¶ 1; Compl. ¶ 10. At the time, Ms. Berns was 21 years old and had never served as a fiduciary on behalf of a decedent's estate. Def. Facts ¶ 2.

Ms. Berns hired an attorney – Scott Hancock – to represent her in her role as administrator of the estate. Compl. ¶ 10. He advised Ms. Berns that a "Federal Estate Tax Return ('FETR') may need to be filed and of her responsibilities concerning this return." Def. Facts. ¶ 3; *see also* Deposition of Scott Hancock ("Hancock Depo.") at 10 (Docket No. 33-1, Ex. 2) ("I certainly informed her that a federal estate tax return may need to be filed in this estate."). Specifically, he informed Ms. Berns that the FETR was due within nine months of the decedent's death, but that an extension of time to file and pay the estate taxes could be obtained by filing an application with the IRS. *Id.* Additionally, he told her that the FETR need not be filed until the "total value of the gross estate was determined and until the beneficiaries of the estate were determined." *Id.*; *see also* Def. Facts, Ex. 1 ("Mr. Hancock led Ms. Berns to understand that the [FETR] and payment of the estate taxes was open ended until these matters were finally determined by the courts."); Hancock Depo at 13-14 (Mr. Hancock admitting that he told Ms. Berns that federal law did not require the FETR until the total value of the estate was determined and the actual beneficiaries had been identified).

Further, Ms. Berns asserts in her declaration that Mr. Hancock also told her that an "FETR was only required to be filed if there were estate taxes due" and that he would "notify me if a FETR was required for the Decedent's estate." Declaration of Ashley Berns ("Berns Decl.") ¶ 3 (Docket No. 38). Along these lines, Mr. Hancock in his deposition testified that "if the estate did not reach the value necessary to file a return, then no return would be due." Hancock Depo. at 20. He stated that he did not know at the beginning that the estate would reach this value, but only had a

---

[1] The Defendant has filed a Statement of Undisputed Facts. The Plaintiffs have stated the do not have "any objection" to this statement, but they have provided their own statement of undisputed facts that adds additional factual materials. The Defendants have not controverted any of the representations in Plaintiffs' undisputed facts statement and have not filed a reply to the opposition.

"suspicion" that it would reach the value necessary to file an FETR. *Id.* The initial probate petition filed indicated that the estimated value of the estate for "filing fee purposes" was at least $1,000,000 and less than $1.5 million. Pl. Facts, Ex. 2 (Docket No. 40-2).

On August 12, 2005, Mr. Hancock submitted a "Form 4768 Application for Extension of Time to File a Return and/or Pay U.S. Estate Tax." *Id.* ¶ 5. Mr. Hancock stated in his deposition that this extension was sought because he and Ms. Berns were not, at that point "really sure of the full nature and extent of the estate" and did not "have liquid funds to pay tax at the time." Hancock Depo. at 11. The written statement filled out by Mr. Hancock indicated that once pending litigation involving the estate was concluded, the "Administrator will be in a position to determine the complete extent and nature of the Estate assets, liquidate Estate assets, and pay estate taxes." Plaintiffs' Statement of Undisputed Facts ("Pl. Facts"), Ex. 1, at 4 (Docket No. 40-1). This application was granted and the deadline to file the estate return and pay any liability was granted until February 19, 2006. Def. Facts ¶ 6. No FETR was filed by this deadline and no estate taxes were paid. *Id.* On May 4, 2009, the estate made its first payment of tax in the amount of $700,000. The same month, Ms. Berns was removed as administrator of the decedent's estate. *Id.* ¶ 8. An FETR and second payment of $573,056 were filed on August 19, 2009 (three and one half years after it was due). *Id.*

Subsequently, on October 26, 2009, an assessment was made against the estate in the amount of $286,437.60 for late filing penalties and $280,707.04 for late payment penalties. Compl. ¶ 18. Additionally, interest of $476,531.04 was assessed on these penalties. *Id.* By May 2010 all estate taxes, penalties, and interest had been paid by the estate.

On January 25, 2010, the Superior Court of California for Los Angeles County granted Rosie Castro's – one of the replacement administrators for decedent's estate – request for sanctions and for establishing admissions against Ms. Berns. Def. Facts ¶ 10; Ex. 5 (order granting admissions and request for sanctions). Among the facts deemed admitted were that Ms. Berns "knowingly misled the Court about the status of the estate tax return" and that Ms. Berns had failed to account for certain property from decedent's estates. *Id.*, Ex. 5, at 2, 4.

Plaintiff American Contractors Indemnity Company ("ACIC"), acting as surety for Ms. Berns, reimbursed the estate for the penalties and interest the estate had paid to the IRS. Compl. ¶ 21. On June 28, 2011, the decedent's estate filed a claim for refund and request for abatement with the IRS, seeking a refund of the late filing and late payment penalties as well as the interest assessed on the estate taxes that had been paid by the estate. Compl. ¶ 19. On October 3, 2011, the Superior Court handling the decedent's estate ordered the administrator of the estate to distribute the remaining assets of the estate to the beneficiaries and to transfer to Ms. Berns the estate's claim for refund. *Id.* ¶ 20. Ms. Berns has transferred all right, title and interest in the refund claim to ACIC. *Id.* ¶ 21.

Plaintiffs filed the instant action seeking a refund of the late filing and payment penalties (as well as the accumulated interest). The Defendant has filed a motion for summary judgment, arguing that there is no genuine dispute of material fact as to whether Ms. Berns has "reasonable cause" for failing to timely file the FETR and pay estate taxes.[2]

### III. DISCUSSION

A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer,* 568 F.3d 1063, 1067 (9th Cir.2009). While "a complaint need not contain detailed factual allegations ... it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see*

---

[2] Ms. Berns instituted a malpractice action against Mr. Hancock. This suit has settled.

*also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal,* 129 S.Ct. at 678.

B. <u>Analysis</u>

Under 26 U.S.C. § 6651(a), failure to timely file an estate tax return or pay estate taxes may result in penalties being imposed "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." *See also Knappe v. United States*, 713 F.3d 1164, 1168 (9th Cir. 2013) ("An executor who fails to file a timely estate-tax return is subject to a penalty."). If "reasonable cause" is shown, the estate (or, here, Ms. Berns for the reasons described above) is entitled to a refund of any penalties or interest paid. *See Constantino v. United States*, No. C-84-6838 SC, 1985 WL 6399 (N.D. Cal. Apr. 19, 1985) ("Plaintiff may obtain for the estate a refund of the penalties assessed and paid if she shows that the failure to file the return and pay the tax within the statutory period was due to reasonable cause and not due to willful neglect."). "To escape the penalty, the taxpayer bears the heavy burden of proving both (1) that the failure did not result from 'willful neglect,' and (2) that the failure was 'due to reasonable cause.'" *United States v. Boyle*, 469 U.S. 241, 245 (1985) (quoting 26 U.S.C. § 6651(a)(1))

The sole question raised in the instant motion to dismiss is whether Ms. Berns' reliance on her retained attorney – Mr. Hancock – constitutes reasonable cause. The parties do not dispute that the applicable framework regarding reliance on experts has been articulated by the Supreme Court in *Boyle* and the Ninth Circuit in *Knappe*. In *Knappe*, the Ninth Circuit interpreted the Supreme Court's holding in *Boyle* as establishing "two general categories" of cases addressing reasonable cause for late filing of tax returns. In the first category are cases "involving taxpayers who delegate the task of filing a return to an expert agent, only to have the agent file the return late or not at all." *Knappe*, 713 F.3d at 1169.

The *Boyle* case fell into this first category. In that case, the taxpayer – the executor of his mother's estate – retained an attorney who advised him that an estate-tax return was due, but failed to advise him regarding *when* it was due. *Boyle*, 469 U.S. at 245. The taxpayer contacted the attorney time a number of times to inquire about "the progress of the proceedings and the

preparation of the tax return." *Id.* at 242-43. The attorney responded that "they would be notified when the return was due and that the return would be filed 'in plenty of time.'" *Id.* at 243. The tax return was, in fact, not timely filed as a result of the attorney omitting the filing date from his master calendar. *Id.* The Supreme Court held that the taxpayer's reliance on the attorney did not constitute "reasonable cause" under § 6651(a). The Court noted that "Congress has placed the burden of prompt filing on the executor, not on some agent or employee of the executor. The duty is fixed and clear; Congress intended to place upon the taxpayer an obligation to ascertain the statutory deadline and then to meet that deadline, except in a very narrow range of situations." *Id.* at 249-50. Accordingly, the Court concluded:

> [O]ne does not have to be a tax expert to know that tax returns have fixed filing dates and that taxes must be paid when they are due. In short, tax returns imply deadlines. Reliance by a lay person on a lawyer is of course common; but that reliance cannot function as a substitute for compliance with an unambiguous statute. . . . It requires no special training or effort to ascertain a deadline and make sure that it is met. The failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not "reasonable cause" for a late filing under § 6651(a)(1).

*Id.* at 251-52; *see also Baccei v. United States*, 632 F.3d 1140 (9th Cir. 2011) ("[W]e have also explained that a taxpayer's reasonable reliance on an agent to timely file a return does not constitute reasonable cause when the due date of the return was ascertainable by the taxpayer.").

By contrast, the second category of cases consists of cases where the taxpayer "relies on an agent's erroneous advice" as to a substantive legal matter. *Knappe*, 713 F.3d at 1170. The *Boyle* Court expressly recognized this distinction:

> When an accountant or attorney *advises* a taxpayer on a matter of tax law, such as whether a liability exists, it is reasonable for the taxpayer to rely on that advice. Most taxpayers are not competent to discern error in the substantive advice of an accountant or attorney. To require the taxpayer to challenge the attorney, to seek a "second opinion," or to try to monitor counsel on the provisions of the Code himself would nullify the very purpose of seeking the advice of a presumed expert in the first place.

*Boyle*, 469 U.S. at 250-51. Both the *Boyle* Court and the Ninth Circuit in *Knappe* indicated that erroneous advice regarding whether the filing of a return was necessary falls into this latter category. *See id.* at 250 ("Courts have frequently held that 'reasonable cause' is established when a taxpayer

6

shows that he reasonably relied on the advice of an accountant or attorney that it was unnecessary to file a return, even when such advice turned out to have been mistake."); *Knappe*, 713 F.3d at 1170 ("Cases in this category stand for the principle that the question of whether a return is due is a matter of substantive tax law, and that a taxpayer acts with ordinary business care and prudence when he relies on an expert's answer to that question.").

The parties dispute into which category Ms. Berns' reliance on Mr. Hancock falls. The Defendant argues that this is a straightforward example of a taxpayer relying on an attorney to timely file a return and therefore there is no "reasonable cause." It further argues that the advice rendered by Mr. Hancock was "non-substantive." By contrast, Plaintiffs argues this is a case of Ms. Burns relying on Mr. Hancock's legal advice regarding *whether* the FETR was in fact required to be filed – not *when* it was required to be filed.

The Court finds that on the current record, Plaintiffs are correct and the motion for summary judgment should be denied. There is, at very least, a genuine dispute of material fact as to the nature of the advice Ms. Berns received from Mr. Hancock. Plaintiffs' statement of undisputed facts and Ms. Berns' declaration (to which Defendant has not responded), assert that Mr. Hancock told her that a "FETR was only required to be filed if there were estate taxes due. Hancock also told Berns that he would notify her if a FETR was required for the Decedent's estate." Pl. Facts ¶ 7; Berns Decl. ¶ 3. Significantly, there is an indication in Mr. Hancock's deposition that he believed at the relevant time (and advised Ms. Berns) that it was an open question regarding whether the estate would even have estate taxes due:

> Q. Okay. And do you recall any conversations with Ashley Berns about – in connection with the filing of the extension? The first extension?
>
> A. I don't remember a specific conversation with her in that regard. I do recall that I think I told her we needed to file an extension and that we did not have funds at that time available to pay taxes *if taxes were due*.

Hancock Depo. at 9 (emphasis added). Combining certain statements from Mr. Hancock's deposition with Ms. Berns' declaration, there is support in the record that Mr. Hancock had advised

7

1   Ms. Berns that an FETR was not required unless taxes were due and the question of whether taxes
2   were due was an open question.
3       Similarly, during his deposition, Mr. Hancock testified as to substantive legal matters on
4   which he (erroneously) advised Ms. Berns. For example:

> Q. And so, I guess, it says here that at some point you informed Ashley Berns that a federal estate tax return may need to be filed for the estate and her responsibilities concerning the filing of that return.
> Do you want to comment on that because I know that that is not your statement.
>
> A. I certainly informed her that a federal estate tax return *may need to be filed* in this estate.
> And I recall, early on, telling her that, ultimately, the personal representative of the estate would be the person who needed to file the return.

*Id.* at 10 (emphasis added). Advising a client that a tax return *may* need to be filed in the estate implies that, at the present time, filing a return is not required. Accordingly, this appears to fit into the second category of cases identified in *Knappe*, where "the question of whether a return is due is a matter of substantive tax law, and that a taxpayer acts with ordinary business care and prudence when he relies on an expert's answer to that question." *Knappe*, 713 F.3d at 1170.

To be sure, there are other aspects of Mr. Hancock's deposition which suggests the advice he gave Ms. Berns was related more to *when* the FETR needed to be filed as opposed to *whether* it needed to be filed. If this was the case, the cases upon which Defendant relies in support of its argument that Mr. Hancock's advice was "non-substantive" would be applicable. *See Knappe*, 713 F.3d at 1173 ("We conclude that the question of when a return is due – even when an executor has sought an extension – is nonsubstantive."); *see also Sarto v. United States*, 563 F. Supp. 2d 476, 478 (N.D. Cal. 1983) (same). However, the Court will not, at the summary judgment stage, resolve the apparent ambiguities in Mr. Hancock's deposition. This, as well as whether Ms. Berns reliance was reasonable in the circumstances, is a question for the trier of fact to determine. *See Boyle*, 469 U.S. at 249 n.8 ("Whether the elements that constitute 'reasonable cause' are *present* in a given situation is a question of fact, but what elements *must* be present to constitute 'reasonable cause' is question of law."). Here, there is a sufficient basis from which a jury could conclude that Mr. Hancock

8

advised Ms. Berns that, at least up to a certain point, an FETR was not required to be filed and that Ms. Berns reasonably relied upon such advice.  Under those facts, Ms. Berns would have reasonable cause for failing to file timely the tax return and pay taxes.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is **DENIED**.  This order disposes of Docket No. 32.

IT IS SO ORDERED.

Dated:  March 21, 2014

_____
EDWARD M. CHEN
United States District Judge